**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YU XIA ZHOU, | No. 11-72795 |
| Petitioner, | Agency No. A089-989-701 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014**

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Yu Xia Zhou, a native and citizen of China, petitions for review the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review and we remand.

Zhou testified she had two forced abortions in China. The agency denied her claims because it found Zhou was not credible, and she failed to present sufficient corroborating evidence.

The agency found a discrepancy between Zhou's asylum application and testimony that she worked for her employer from 1994 until 2008 and a letter from her employer indicating she would be terminated in 2003. Substantial evidence does not support the agency's determination, because Zhou did not have an opportunity to explain this perceived discrepancy. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) ("[T]he IJ must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.") (internal quotation marks and citation omitted).

The agency also found Zhou was initially evasive and unresponsive during cross-examination. The record does not support the agency's determination. *See Shrestha*, 590 F.3d at 1045 (describing examples of unresponsive testimony); *see*

*Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (agency's adverse credibility finding not supported under the "totality of circumstances").

Finally, the agency deemed Zhou not credible because it found Zhou failed to present her husband as a witness to corroborate her claims. However, the agency did not address Zhou's explanations at her hearing or her argument on appeal regarding why her husband failed to testify on her behalf. *See Shrestha*, 590 F.3d at 1044 (the IJ should consider a petitioner's explanations); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner"). Accordingly, we grant the petition for review and remand Zhou's asylum, withholding of removal, and CAT claims, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**